# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE BOARD OF TRUSTEES OF THE             Case No. 09-cv-13201
CITY OF BIRMINGHAM EMPLOYEES'
RETIREMENT SYSTEM, ET AL.,               Hon. Stephen J. Murphy, III

     Plaintiffs,

v.

COMERICA BANK,

     Defendant/Third-Party Plaintiff,

v.

MUNDER CAPITAL MANAGEMENT,

     Third-Party Defendant.

**DECLARATION OF JENNIFER M. KEOUGH REGARDING
NOTICE DISSEMINATION**

JENNIFER M. KEOUGH declares and states as follows:

1.       I am the Chief Operating Officer of The Garden City Group, Inc. ("GCG").  The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

2.       GCG was retained in the above-captioned litigation (the "Litigation") by the Plaintiff, and appointed as the Settlement Administrator pursuant to paragraph 7 of the Court's October 9, 2013 Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice and Setting Date for Hearing on Final Approval of Settlement (the "Order").  I submit this Declaration in order to provide the Court and the parties to the Litigation with information regarding the dissemination of the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursements of Litigation Expenses (the "Notice") by mail, the maintenance of an Internet site, and any exclusion requests and objections received.

## DISSEMINATION OF THE NOTICE BY MAIL

3.       Pursuant to paragraph 7 of the Order, GCG was responsible for disseminating the Notice to the following Members of the Class in this Litigation:

> All participants in Comerica's securities lending program that, through one or more of the investment vehicles offered or managed by Comerica or its affiliates, incurred losses relating to investments in the Sigma Notes and that have not previously released Comerica from all liability related to such losses.

4.       On October 18, 2013, Plaintiff's Counsel forwarded to GCG an Excel spreadsheet containing the names and last known addresses of 105 Class Members and the personalized information to be included in the Notice.  GCG reviewed the data and loaded all records into a

2

database created for the Litigation.  GCG assigned each record a unique identifying number in order to track it through the process.

5.      Thereafter, GCG formatted the Notice, included each Class Member's personalized information in their respective copies, caused it to be printed, posted for first-class mail, postage pre-paid, and delivered to a United States Post Office on October 18, 2013 (the "Notice Date"), for mailing to the Class Members identified.  A generic copy of the Notice, without the personalized information, is attached hereto as Exhibit A.

6.      On the Notice Date, 105 copies of the Notice were mailed to Class Members.  As of the date of this Declaration, no Notices have been returned to GCG as undeliverable.

## INTERNET SITE

7.      GCG posted the Notice, the Complaint, the Order, and the Stipulation of Settlement on its website, www.gcginc.com, in order to provide additional information to Class Members.  The documents became available beginning on the Notice Date, and are available 24 hours a day, 7 days a week.

## EXCLUSIONS

8.      Pursuant to paragraph 16 of the Order, Class Members who wish to be excluded from the Settlement are required to submit to GCG a written Request for Exclusion, to be received no later than November 21, 2013.  As of the date of this Declaration, GCG has not received any Requests for Exclusion.

## OBJECTIONS

9.      Pursuant to paragraph 17 of the Order, Class Members who wish to object to the Settlement are required to file with the Court and serve on counsel a written objection no later

than November 21, 2013.  As of the date of this Declaration, GCG has not received any objections.

## CHALLENGES TO THE SIGMA DEFICIENCY AMOUNTS

10.    Per the terms of the Stipulation of Settlement, Class Members can challenge their designated Sigma Deficiencies by mailing statements explaining their challenges to GCG within 45 days after the Notice date (by December 2, 2013).  As of the date of this Declaration, GCG has not received any challenges from Class Members.

## SETTLEMENT FUND

11.    The Miller Law Firm, P.C., on behalf of Plaintiffs' counsel, designated GCG as the Escrow Agent. On or about October 24, 2013, the Settlement Fund of $11,000,000 was deposited into the account established for the benefit of Plaintiffs and the Class, as required by the Stipulation of Settlement.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of November, 2013.

_____
Jennifer M. Keough

4

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE BOARD OF TRUSTEES OF THE
CITY OF BIRMINGHAM EMPLOYEES'
RETIREMENT SYSTEM, ET AL.,

       Plaintiffs,

v.

COMERICA BANK,

       Defendant/Third-Party Plaintiff,

v.

MUNDER CAPITAL MANAGEMENT,

       Third-Party Defendant.

Case No. 09-cv-13201

Hon. Stephen J. Murphy, III

---

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

Your legal rights are affected whether you act, or don't act.
Read this Notice carefully.

This notice ("Notice") advises you of a proposed settlement (the "Settlement") of a class action lawsuit brought by Named Plaintiffs[1] on behalf of themselves and the Class described herein (the "Plaintiffs") against Comerica Bank ("Comerica") regarding certain notes issued by Sigma Finance Corp. and/or Sigma Finance Inc. ("Sigma") that were purchased by Comerica in its Securities Lending Program. The Named Plaintiffs, Comerica and third-party defendant Munder Capital Management ("Munder") are referred to herein as the "Settling Parties." The litigation is referred to as the "Action." The United States District Court for the Eastern District of Michigan (the "Court") has preliminarily approved the Settlement, and has scheduled a hearing to evaluate the fairness and adequacy of the Settlement at which the Court will consider the Named Plaintiffs' motion for final approval of the Settlement, motion for approval of a proposed Plan of Allocation, and motion for an award of attorneys' fees and expenses.

That hearing, before the Honorable Stephen J. Murphy, III, has been scheduled for December 19, 2013, at 10:00 a.m. in Room 228 of the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 (the "Final Approval Hearing"). The terms of the Settlement are contained in the Stipulation of Settlement (the "Settlement" or "Stipulation"), a copy of which is available at www.gcginc.com or by contacting Plaintiffs' Counsel identified below. Capitalized terms used in this Notice and not defined herein have the meanings assigned to them in the Stipulation of Settlement.

The Settlement will provide for cash payments or credits to members of the Class as defined below out of a fund of $11,000,000 dollars. The Settlement is summarized below.

Any questions regarding the Settlement should be directed to Plaintiffs' Counsel: E. Powell Miller, The Miller Law Firm, P.C., 950 West University Drive, Suite 300, Rochester, MI 48307, (248) 841-2200. Plaintiffs' Counsel have established a toll-free phone number, (888) 773-9224, if you have any questions.

Please do not contact the Court. They will not be able to answer your questions.

---

[1] The Named Plaintiffs include the Board of Trustees of the City of Birmingham Employees' Retirement System, the Board of Trustees of the Road Commission for Oakland County Retirement System, the Board of Trustees of the Iron Workers' Local No. 25 Pension Fund, the Board of Trustees of the Iron Workers' Health Fund of Eastern Michigan, the Board of Trustees of the Roofers Local No. 149 Pension Fund, the Board of Trustees of Carpenters Pension Fund Trust-Detroit & Vicinity and the Board of Trustees of Line Construction Benefit Fund.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING TO APPROVE OF THE SETTLEMENT. YOU DO NOT HAVE TO DO ANYTHING TO RECEIVE A PAYMENT, BUT MAY EXCLUDE YOURSELF FROM THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **YOU DO NOT NEED TO TAKE FURTHER ACTION TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A PAYMENT** | If the Settlement is approved, you do not need to take any further action to receive your *pro rata* payment. The *pro rata* portion of the Net Settlement Fund to which you are entitled will be calculated as part of the administration of the Settlement. However, as described below, if you wish to dispute your predetermined Sigma Deficiency, you must do so within forty-five (45) days of the mailing of this Notice. |
| **OBJECT** | If you do not exclude yourself and wish to object to any part of the Settlement, you can write to the Court and Counsel and explain why you do not like the Settlement. |
| **EXCLUDE YOURSELF** | If you do not wish to be a member of the Class, you must exclude yourself (as described below in Answer to Question No. 10) and you will not receive any payment from the Settlement. You cannot bring or be part of any other lawsuit or arbitration against any of the Comerica Releasees or Munder Releasees based on any Settled Claim unless you exclude yourself from the Class. |
| **GO TO A HEARING** | If you have submitted a written objection to the Court and Counsel, as explained below, you can ask to speak in Court at the Final Approval Hearing about the fairness of the Settlement. |
| **DO NOTHING** | If you do nothing, you will be bound by the terms of the Settlement, will be deemed to have released all Settled Claims against all of the Comerica Releasees and Munder Releasees, and will receive your *pro rata* payment. |

Deadlines:

| | |
|---|---|
| File Objection: | November 21, 2013 |
| Request Exclusion | November 21, 2013 |
| **Final Approval Hearing:** | December 19, 2013 |

You may exclude yourself from the Settlement. However, if you timely exclude yourself, that is the only thing you can do: you may not object in writing or appear before the Court at the Final Approval Hearing to state any objections.

If you object and do not request exclusion, you will remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object.

<u>If you do not timely request exclusion from the Class, you will be bound by the Stipulation of Settlement and its Releases, whether or not you object, except if the Court rejects the proposed Settlement.</u>

These rights and options--*and the deadlines to exercise them*--are explained in this Notice.

The Court presiding over this case must decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

The Court has authorized this Notice, but no money will be paid until *after* the Court holds the Final Approval Hearing on the fairness of the Settlement on December 19, 2013. <u>The Court has not decided the merits of this case.</u>

2

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ·········································································· 4
    1.   Why did I receive this notice package? ··················································· 4
    2.   What is the lawsuit about?  What has happened so far? ································· 4
    3.   Why is this a class action? ······························································ 5
    4.   Why is there a Settlement? ······························································ 5
    5.   How do I know whether I am part of the Class? ········································· 5
    6.   What does the Settlement provide? ····················································· 6
    7.   What will be my share of the Settlement Fund? ········································· 6
    8.   How can I get my portion of the recovery? ············································· 6
    9.   When would I receive my payment? ···················································· 6
    10.  Can I exclude myself from the Settlement? ············································· 7

**THE LAWYERS REPRESENTING YOU** ······················································ 7
    11.  Do I have a lawyer in the case? ························································· 7
    12.  How will the lawyers be paid? ·························································· 7

**OBJECTING TO THE SETTLEMENT** ·························································· 8
    13.  How do I tell the Court if I do not like the Settlement? ································· 8

**THE COURT'S FINAL APPROVAL HEARING** ··············································· 8
    14.  When and where will the Court decide whether to approve the Settlement? ············· 8
    15.  Do I have to come to the Final Approval Hearing? ······································ 9
    16.  May I speak at the Final Approval Hearing? ············································ 9

**IF YOU DO NOTHING** ········································································· 9
    17.  What happens if I do nothing at all? ···················································· 9

**GETTING MORE INFORMATION** ····························································· 9
    18.  Are there more details about the Settlement? ··········································· 9

**UNDERSTANDING YOUR PAYMENT – PLAN OF ALLOCATION** ··························· 10

### SUMMARY OF SETTLEMENT

This Action is a class action filed in federal district court against Comerica.  As described in more detail below, and in the Complaint itself, the Named Plaintiffs allege that Comerica breached its obligations under ERISA, its fiduciary duties, its obligations under the securities lending agreements, and committed negligence through Comerica's decision to invest and maintain cash collateral of members of the Class in medium-term notes ("Sigma Notes") issued either by Sigma Finance, Inc. or Sigma Finance Corp. (collectively, "Sigma").  Copies of the operative Complaint, as well as other documents filed in this Action, are available at www.gcginc.com.  Comerica denies the allegations in the Complaint.

A Gross Settlement Fund will be established consisting of a deposit of $11,000,000 (eleven million dollars).  Your estimated recovery, in cash or as a credit, as set out in the Stipulation of Settlement, before a deduction for costs, expenses and fees as described below, would amount to approximately 23% of the amount of your losses under the Plan of Allocation below.  Your actual recovery will be based upon the Net Settlement Fund, which will consist of the Gross Settlement Fund plus interest earned thereon, less certain amounts described in the Settlement (including expenses associated with Notice to the Class, Court-approved attorneys' fees and expenses, Taxes and other costs related to the administration of the Gross Settlement Fund and implementation of the Plan of Allocation), and will be allocated among the Class in accordance with the Plan of Allocation to be approved by the Court as part of the Settlement.

As with any litigation, the Settling Parties would face an uncertain outcome if this Action were to continue.  Continued litigation of this Action against Comerica through summary judgment and at trial could result in a judgment or verdict greater or less than the recovery under the Settlement, or in no recovery at all.

This litigation has been hotly contested from the outset. Throughout this litigation, the Named Plaintiffs and Comerica have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if the Named Plaintiffs were to prevail at trial. Comerica, among other things: (1) has denied, and continues to deny, the material allegations of the Complaint; (2) has denied, and continues to deny, any wrongdoing or liability whatsoever; (3) has contested the propriety of class certification; (4) believes that it acted at all times reasonably and prudently and in accordance with applicable law with respect to its investment of cash collateral in Sigma Notes on behalf of the Class; (5) would assert certain other defenses and counterclaims if this Settlement is not consummated; and (6) is entering into the Settlement solely to avoid the cost, disruption, and uncertainty of continued litigation. The Settling Parties have taken into account the uncertainty and risks inherent in this litigation, particularly its complex nature, and have concluded that it is desirable that this Action be fully and finally settled on the terms and conditions set forth in the Stipulation.

Named Plaintiffs, on behalf of Plaintiffs' Counsel, will apply to the Court for an Order awarding attorneys' fees not in excess of 30% of the Gross Settlement Fund, plus reimbursement of expenses. The Named Plaintiffs in this Action will share in the allocation of the money paid to the securities lending participants on the same basis and to the same extent as all other members of the Class.

## BASIC INFORMATION

1.   **Why did I receive this notice package?**

You received this Notice because records indicate that you are a plan or entity, or represent a plan or entity, for which Comerica, pursuant to a securities lending agreement, purchased Sigma Notes. The Court has directed that this Notice be sent to you because, as a potential member of the Class, you have a right to know about the proposed Settlement with Comerica before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and any related objections and appeals are favorably resolved, the Net Settlement Fund will be allocated among Class Members according to a Court-approved Plan of Allocation and the Class Member Releasees, Comerica Releasees, and Munder Releasees (the "Released Parties" for purposes of this Notice) will be released from all Settled Claims, as set forth in the Stipulation.

This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how you will receive your portion of the benefits. The purpose of this Notice is to inform you of the Final Approval Hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and to consider the application of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.

The Final Approval Hearing will be held before the Honorable Stephen J. Murphy, III, on December 19, 2013, at 10:00 a.m. in Room 228 of the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 to determine:

(a)   whether the Settlement should be approved as fair, reasonable and adequate;

(b)   whether the Complaint should be dismissed with prejudice pursuant to the terms of the Stipulation;

(c)   whether the Notice and the means of dissemination thereof pursuant to the Stipulation: (i) are appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law; and

(d)   whether the application for attorneys' fees and reimbursement of expenses filed by Plaintiffs' Counsel should be approved.

The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in this Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payment to Class Members will be made after all related appeals, if any, are favorably resolved. It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year. Please be patient.

2.   **What is the lawsuit about? What has happened so far?**

In this Action, Named Plaintiffs allege, among other things, that Comerica breached certain obligations and other duties to properly manage the assets of its securities lending clients by purchasing and holding the Sigma Notes on their behalf. More specifically, the lawsuit alleges that each of the Named Plaintiffs entered into securities lending agreements with Comerica. Pursuant to such agreements, Comerica loaned the Named Plaintiffs' securities to third-party borrowers in return for cash collateral. According to the Complaint's allegations, Comerica acted imprudently and improperly by

investing cash collateral posted for the benefit of members of the putative Class in Sigma Notes, and by failing to subsequently sell, trade or otherwise dispose of the Sigma Notes. The Named Plaintiffs assert that Comerica's alleged breaches caused losses to members of the Class when, in late September 2008, Sigma defaulted and subsequently went into receivership.

Comerica has denied all of Named Plaintiffs' allegations of wrongdoing. If the Action were to continue, Comerica would raise numerous defenses to liability and claims against the Named Plaintiffs and Class Members, including without limitation:

- Comerica acted prudently in purchasing and holding the Sigma Notes on behalf of the members of the Class and recommending that its securities lending clients hold them rather than sell them at a price Comerica believed would likely be less than their intrinsic value.

- Comerica acted in accordance with the securities lending agreements, the Employee Retirement Income Security Act ("ERISA"), and all applicable law by purchasing and holding the Sigma Notes.

- Comerica is not liable to the Class or any of its members.

In addition, Comerica has asserted third-party claims against Munder based on the parties' Sub-Advisory Agreement, and Munder has counterclaimed against Comerica based on the same agreement. Named Plaintiffs have not asserted any claims against Munder.

Counsel for the Settling Parties aggressively litigated this case for more than three years. The Settlement is the product of hard-fought, arm's-length negotiations between Plaintiffs' Counsel, Comerica's Counsel and Munder's Counsel spanning mediation sessions, facilitated by nationally recognized mediator, the Hon. Layn Phillips, a former United States Judge and United States Attorney, with substantial experience mediating complex litigations of this type. Counsel for the Settling Parties agreed to this Settlement only after its terms were thoroughly and extensively negotiated.

### 3.      Why is this a class action?

Class actions are generally used in lawsuits that affect a large number of individuals; in effect, the class action operates to consolidate into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct, thus alleviating the need for members of the class to file their own individual lawsuits to recover for the harm alleged. Once the class is certified, the Court is empowered to resolve all issues on behalf of members of the class, except for those members of the class, if any, who specifically choose to exclude themselves from the class.

The Class has been certified by the Court for purposes of effectuating the Settlement.

### 4.      Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or Comerica. Instead, both sides agreed to a Settlement. This permits them to avoid the cost and uncertainty of a trial, and permits eligible Class Members to receive compensation. The Named Plaintiffs and their attorneys believe the Settlement is best for all Class Members. Comerica has concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Comerica has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action.

As stated above, this Settlement is the product of extensive arm's-length negotiations between the Settling Parties' Counsel, all of whom are very experienced with respect to complex litigation of this type. Plaintiffs' Counsel believes the proposed Settlement is fair, reasonable and adequate and in the best interest of the Class.

### 5.      How do I know whether I am part of the Class?

The Class includes *all participants in Comerica's securities lending program that, through one or more of the investment vehicles offered or managed by Comerica or its affiliates, incurred losses relating to investments in the Sigma Notes and that have not previously released Comerica for all liability related to such losses.*

If you are a member of the above Class and do not request exclusion (see Section 10 below), your share of the Net Settlement Fund will be determined by the Court-approved Plan of Allocation, described below. If you would otherwise be a member of the above Class but you have previously released Comerica from any liability for losses related to investments in the Sigma Notes, then you are not bound by any releases effected by the proposed Settlement.

**6.      What does the Settlement provide?**

The Settlement will result in a fund of $11 million in cash.  Your estimated recovery, before a deduction for costs, expenses and fees as described below, would be cash or a credit, amounting to approximately 23% of the amount of your losses under the Plan of Allocation below.  Your actual recovery will depend upon the net amount in the Gross Settlement Fund (after disbursements and reserves for certain amounts as described in the Stipulation, including expenses associated with Notice to the Class, Court-approved attorneys' fees and expenses, Taxes and other costs related to the administration of the Gross Settlement Fund and implementation of the Plan of Allocation (the "Net Settlement Fund")), which will be allocated and paid to Class Members in cash or as a credit, according to a Plan of Allocation to be approved by the Court.

In exchange for the Settlement payment, all Class Members and anyone claiming through them are deemed to fully release the Settled Claims, and are forever enjoined from bringing any of the Settled Claims against any of the Releasees.  The Comerica Releasees and Munder Releasees are defined in the Stipulation; generally, they are Comerica and Munder and certain affiliated or otherwise related persons and entities.  The Settled Claims, also defined in the Stipulation, generally include, subject to certain limitations set forth in the Stipulation, all claims (i) that arise from or relate to the facts alleged in the Complaint and were or could have been asserted in the Action; or (ii) that arise from, or in any matter relate to, any direct or indirect investment by Comerica or Munder in Sigma Notes on behalf of any Class Member through the Securities Lending Program.  This means that Authorized Recipients will not have the right to sue the Comerica Releasees and Munder Releasees for any such claims if the Settlement is approved.

The description of the Settlement in this Notice is only a summary.  The complete terms, including the definitions of the Releasees and Settled Claims, are set forth in the Stipulation (including its exhibits), which may be obtained at the Settlement Internet site, www.gcginc.com, or by contacting Plaintiffs' Counsel listed below.

**7.      What will be my share of the Settlement Fund?**

At the Final Approval Hearing, Plaintiffs' Counsel will request that the Court approve the Settlement, including the Plan of Allocation below.  The Plan of Allocation describes the manner by which the Net Settlement Fund will be distributed to Class Members (the "Authorized Recipients").  In general terms, the Net Settlement Fund will be allocated to Authorized Recipients in cash or as a credit, on a *pro rata* basis such that the amount received will depend on an Authorized Recipient's calculated loss, relative to the losses of other Authorized Recipients, related to his, her or its investment in the Sigma Notes.  Because the Net Settlement Fund will be less than the total losses alleged to have been suffered in the Action, each Authorized Recipient's proportionate recovery will be less than its, his or her alleged loss.  You are not responsible for calculating the amount you may be entitled to receive under the Settlement.  This calculation will be done as part of the implementation of the Settlement, and will be based on reasonably available information.  The tax treatment of any distribution varies based upon the recipient's tax status and treatment of his, her or its investments.  The tax treatment of any distribution from the Net Settlement Fund is the responsibility of each recipient.  You should consult your tax advisor to determine the tax consequences, if any, of any distribution to you.

**8.      How can I get my portion of the recovery?**

If you do not exclude yourself pursuant to Section 10 below, you do not need to take any further action to receive your portion of the recovery either in the form of cash or a credit, as set forth in Sections 6 and 7 above and the Plan of Allocation below.

**9.      When would I receive my payment?**

Payment is conditioned on several matters, including the Court's approval of the Settlement and that approval becoming Final and no longer subject to any appeals.  Upon satisfaction of various conditions, the Net Settlement Fund will be distributed to Authorized Recipients in the form of cash or a credit pursuant to the terms of the Plan of Allocation (described in Sections 6 and 7 above and the Plan of Allocation below) as soon as practicable after approval of the Settlement has become Final, including the exhaustion of any appeals.  Any appeal of the approval of the Settlement could take more than a year to resolve.  Interest accrued on the Gross Settlement Fund will be included in the amount allocated and paid to the eligible Authorized Recipients.  The Stipulation may be terminated on several grounds, including if the Court does not approve or otherwise materially modifies the terms of the Settlement.  If the Stipulation is terminated, the Settlement will also be terminated, and the Action will proceed as if the Settlement had not been reached.

**10.    Can I exclude myself from the Settlement?**

Yes.  You may request that you be excluded (also referred to as "opting-out") from the Class and the Settlement.  If you request exclusion, (a) you will not participate in any distribution of the Net Settlement Fund and will not receive a Settlement payment; (b) you will not be bound by the terms of the Settlement, including the releases, and you will retain any right to file or continue your own lawsuit concerning the Settled Claims; and (c) you will not be able to object to the Settlement.

In the event you wish to exclude yourself from the Class and the Settlement, you must submit a written Request for Exclusion, which must be received no later than November 21, 2013, at the address below.  In order to be valid, each Request for Exclusion must set forth the name and address of the plan or entity requesting exclusion, must state clearly that such plan or entity requests exclusion from the Class and the Settlement, and must be signed by a representative of the plan or entity requesting exclusion.  Requests for Exclusion must be provided to the Settlement Administrator at:

*In re Comerica Securities Lending Litig.*
Settlement Administrator
c/o GCG
P.O. Box 35100
Seattle, WA 98124-1100

**To be effective, your Request for Exclusion must be received no later than November 21, 2013.**  If you do not timely request exclusion from the Class, you will be considered a Class Member and you will be bound by the Settlement.  Do not request exclusion if you wish to participate in the Settlement.

You cannot exclude yourself on the website, by telephone or by email.  If you do not follow these procedures—including meeting the date for exclusion set out above—you will not be excluded from the Class, and you will be bound by all of the orders and judgments entered by the Court regarding the Settlement, including the release of claims.

### THE LAWYERS REPRESENTING YOU

**11.    Do I have a lawyer in the case?**

The Court appointed the law firms of The Miller Law Firm, P.C.; Glancy Binkow & Goldberg LLP; Sullivan, Ward, Asher & Patton, P.C.; and Robbins Geller Rudman & Dowd LLP to represent you and the other Class Members.  These lawyers are called Plaintiffs' Counsel or Class Counsel.  You will not be personally liable for the fees and expenses incurred by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**12.    How will the lawyers be paid?**

Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees and reimbursement of expenses for their work.  The application for attorneys' fees will not exceed 30% of the Gross Settlement Fund plus reimbursement of expenses incurred in connection with the prosecution of this Action.  Any award of fees and additional expenses will be paid from the Gross Settlement Fund prior to allocation and payment to Authorized Recipients.  The written application for fees and expenses will be filed by November 14, 2013, and the Court will consider this application at the Final Approval Hearing.  A copy of the application will be available at www.gcginc.com or by requesting a copy from Plaintiffs' Counsel.

To date, Plaintiffs' Counsel have not received any payment for their services in prosecuting this Action on behalf of the Class, nor have counsel been reimbursed for their out-of-pocket expenses incurred in connection with litigating this Action.  The fee requested by Plaintiffs' Counsel would compensate Plaintiffs' Counsel for their efforts in achieving the Settlement for the benefit of the Class and for their risk in undertaking this representation on a contingency basis.  The Court will determine the actual amount of the award.

**Objecting to the Attorneys' Fees**

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 13.     How do I tell the Court if I don't like the Settlement?

Any Class Member may appear at the Final Approval Hearing and explain why he or she thinks the Settlement of the Action against Comerica as embodied in the Stipulation of Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon, or why the attorneys' fees and expenses should not be awarded, in whole or in part.  However, no Class Member shall be heard or entitled to contest these matters unless such Class Member has filed with the Court written objections (which state all supporting bases and reasons for the objection, set forth proof of membership in the Class, clearly identify any and all witnesses, documents and other evidence of any kind that are to be presented at the Final Approval Hearing in connection with such objections, and further describe the substance of any testimony to be given as well as by any supporting witnesses).

To object, you must send a letter or other written statement saying that you object to the Settlement, the attorneys' fees award, and/or expenses in *The Board Of Trustees Of The City Of Birmingham Employees' Retirement System, et al. v. Comerica Bank*, Case No. 09-cv-13201.  Be sure to include your name, address, telephone number, signature, and a full explanation of all reasons why you object to the Settlement including all details set forth above.  Your written objection must be filed with the Clerk of the Court, and served upon counsel at the addresses listed below by no later than November 21, 2013:

Clerk of the Court:

Clerk of the Court
Clerk's Office
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226

Plaintiffs' Counsel Designee:

E. Powell Miller, Esq.
The Miller Law Firm, P.C.
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
settlements@millerlawpc.com

Comerica's Counsel Designee:

Thomas P. Bruetsch
Bodman PLC
1901 St. Antoine Street, 6th Floor
Detroit, MI 48226
(313) 259-7777

Munder's Counsel Designee:

Linda C. Goldstein
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500

If you hire any attorney to represent you in filing an objection or appearing at the Final Approval Hearing, that attorney must serve a notice of appearance on the foregoing counsel and file it with the Court by November 21, 2013.

UNLESS OTHERWISE ORDERED BY THE COURT, ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

### 14.     When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at 10:00 a.m., on December 19, 2013, in Room 228 of the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  The Court will also consider how much to award to Plaintiffs' Counsel for fees and expenses, and whether the Plan of Allocation is fair, reasonable and adequate.  The Court may decide these issues at the hearing or take them under consideration for a later decision.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, YOU NEED NOT ATTEND THE FINAL APPROVAL HEARING.**

**15.**     **Do I have to come to the Final Approval Hearing?**

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**16.**     **May I speak at the Final Approval Hearing?**

If you are a Class Member and you have filed a timely objection, if you wish to speak, present evidence or present testimony at the Final Approval Hearing, you must state in your objection your intention to do so, and must identify any witnesses you intend to call or evidence you intend to present.

The Final Approval Hearing may be rescheduled by the Court without further notice to the Class. If you wish to attend the Final Approval Hearing, you should confirm the date and time with Plaintiffs' Counsel.

<b>IF YOU DO NOTHING</b>

**17.**     **What happens if I do nothing at all?**

If you do nothing and the Settlement is approved, you will be bound by the terms of the Settlement, will be deemed to have released all Settled Claims against all of the Comerica Releasees and Munder Releasees, and will receive your *pro rata* payment or credit as described in Section 6 and 7 above and the Plan of Allocation attached below.

<b>GETTING MORE INFORMATION</b>

**18.**     **Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation of Settlement dated as of September 27, 2013.  You can obtain a copy of the Stipulation of Settlement or more information about the Settlement by contacting Plaintiffs' Counsel:

E. Powell Miller, Esq.<br>
The Miller Law Firm, P.C.<br>
950 West University Drive, Suite 300<br>
Rochester, Michigan 48307<br>
(248) 841-2200<br>
settlements@millerlawpc.com

or the Settlement Administrator:

<i>In re Comerica Securities Lending Litig.</i><br>
Settlement Administrator<br>
c/o GCG<br>
P.O. Box 35100<br>
Seattle, WA 98124-1100

or by visiting www.gcginc.com.

### UNDERSTANDING YOUR PAYMENT--PLAN OF ALLOCATION

The Net Settlement Fund shall be distributed to Class Members who do not opt out, also called Authorized Recipients, pursuant to the Stipulation of Settlement. The allocation and distribution system set forth there is summarized as follows.

Comerica's Securities Lending Program as a whole suffered a "Sigma Loss," meaning the total amount of principal lost by Comerica's collective investment vehicles when Sigma failed to repay in full the Sigma Notes, less any prior partial payments made by Sigma's receiver to Comerica and/or its collective investment vehicles. As a Class Member, your "Sigma Deficiency" is the *pro rata* amount of the Sigma Loss attributable to you. Your Sigma Deficiency has been initially determined based upon the books and records of Comerica to be _____ as of October 18, 2013.

You have an opportunity to challenge your designated Sigma Deficiency within 45 days after mailing of this Notice by mailing a statement explaining your challenge to:

*In re Comerica Securities Lending Litig.*
Settlement Administrator
c/o GCG
P.O. Box 35100
Seattle, WA 98124-1100

Upon the resolution of all such challenges by the Court (or the forbearance by all Class Members of the opportunity to make such challenges in a timely manner) and the distribution of the Class Members' respective shares of the Net Settlement Fund, the Sigma Deficiency established for you and each other Class Member shall be final and binding. (The resolution of any such challenge shall not affect the total Settlement Amount, nor shall the resolution of any such challenge change the gross Unpaid Sigma Deficiency as that term is defined in the Stipulation of Settlement.)

Your Sigma Deficiency is either a "Paid Sigma Deficiency," an "Unpaid Sigma Deficiency," or some combination of the two. "Paid Sigma Deficiency" refers to the satisfaction of the Sigma Deficiency by certain Class Members prior to the Effective Date set forth in the Stipulation of Settlement, according to the books and records of Comerica. According to Comerica's books and records, you:

☐ have a Paid Sigma Deficiency. It is _____.

☐ do not have a Paid Sigma Deficiency.

"Unpaid Sigma Deficiency" refers to Sigma Deficiencies that have not been satisfied by certain Class Members as of the Effective Date, according to the books and records of Comerica. According to Comerica's books and records, you:

☐ have an Unpaid Sigma Deficiency. It is _____.

☐ do not have an Unpaid Sigma Deficiency.

The Plan of Allocation is as follows:

(a)    All Authorized Recipients shall receive their portion (as a cash payment or credit, as set out below) of the Net Settlement Fund in proportion to their Sigma Deficiency.

(b)    Those Authorized Recipients, if any, who are Collective Investment Funds ("CIFs") of which Comerica Bank & Trust is trustee that participated in Comerica's securities lending program, shall receive their portion of the Net Settlement Fund in cash. Said cash payment shall be distributed by the Escrow Agent to Charles Moore, as special fiduciary of the CIFs.

(c)    Those Authorized Recipients, if any, who have Paid Sigma Deficiencies, shall receive their portion of the Net Settlement Fund in cash. Said cash payment shall be distributed by the Escrow Agent (who is also the Settlement Administrator) directly to said Authorized Recipients.

(d)    Those Authorized Recipients, if any, who have Unpaid Sigma Deficiencies, shall receive their portion of the Net Settlement Fund as a credit to their Unpaid Sigma Deficiency. The Escrow Agent shall distribute the funds for this group of Authorized Recipients to Comerica Bank. Comerica will deposit said funds into the appropriate securities lending pool(s) and credit the amount paid against the Authorized Recipients' respective Unpaid Sigma Deficiencies. If

10

an Authorized Recipient's portion of the Net Settlement Fund exceeds its Unpaid Sigma Deficiency, then the difference between the two amounts shall be paid to that Authorized Recipient in cash. Authorized Recipients, if any, with a remaining Unpaid Sigma Deficiency following payment and distribution of the Net Settlement Fund ("Remaining Unpaid Sigma Deficiencies") shall continue to be responsible for said Remaining Unpaid Sigma Deficiency. In the event that the value of the Authorized Recipient's securities on loan in Comerica's Securities Lending program (the "Outstanding Loan Balance") is or becomes less than 110% of that Authorized Recipient's Remaining Unpaid Sigma Deficiency, the Remaining Unpaid Sigma Deficiency shall be Funded. "Funded" means (1) payment to Comerica, in cash, of the difference between the Outstanding Loan Balance and 110% of the Authorized Recipient's Remaining Unpaid Sigma Deficiency, which funds will be credited to that Authorized Recipient's Unpaid Sigma Deficiency; or (2) payment to Comerica, in cash, of funds sufficient to satisfy the Remaining Unpaid Sigma Deficiency, which funds will be credited to that Authorized Recipient's Unpaid Sigma Deficiency.

If a Remaining Unpaid Sigma Deficiency is not Funded by an Authorized Recipient as provided above, then Comerica is authorized to offset, liquidate, and/or apply any of the Authorized Recipient's cash (including money market funds and cash equivalents), however held, to satisfy that Authorized Recipient's Remaining Unpaid Sigma Deficiency, and any Authorized Recipient with a Remaining Unpaid Sigma Deficiency shall maintain cash (including money market funds and cash equivalents) with Comerica sufficient to satisfy its Remaining Unpaid Sigma Deficiency. If an Authorized Recipient with a Remaining Unpaid Sigma Deficiency does not maintain such a cash balance, then Comerica is authorized to offset, liquidate, and or apply any of the Authorized Recipient's other collateral, securities, income, and/or distributions, in its sole discretion, to satisfy that Authorized Recipient's Remaining Unpaid Sigma Deficiency. The foregoing notwithstanding, Comerica will provide the Authorized Recipient three business days notice and a corresponding opportunity to cure before liquidating any of the Authorized Recipient's securities.

This formula is not an estimate of what a Class Member would have recovered after trial; nor is it the amount that the Authorized Recipient will be paid pursuant to the Settlement.

Distributions will be made to Authorized Recipients after all claims have been processed and after the Court has finally approved the Settlement.

Based on Comerica's books and records, under the Settlement, it is estimated you will receive, before the deduction of attorneys' fees, litigation expenses, and administrative expenses,

☐ Cash in the amount of $ _____ (less Court awarded attorneys' fees, litigation expenses and expenses related to the administration of the Settlement).

☐ An account credit in the amount of $ _____ (less Court awarded attorneys' fees, litigation expenses and expenses related to the administration of the Settlement).

☐ Both cash in the amount of $_____ and an account credit in the amount of $_____ (less Court awarded attorneys' fees, litigation expenses and expenses related to the administration of the Settlement).

These numbers *will* change due to the deduction of attorneys' fees, litigation expenses, and administrative expenses, and they *may* change based on the decision by some persons to exclude themselves from the Class or a challenge by a Class Member to the determination of its Sigma Deficiency.