UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE BOARD OF TRUSTEES OF THE
CITY OF BIRMINGHAM EMPLOYEES'
RETIREMENT SYSTEM, ET AL,

    Plaintiffs,

v.

COMERICA BANK,

    Defendant/Third-Party Plaintiff,

v.

MUNDER CAPITAL MANAGEMENT,

    Third-Party Defendant.

Case No. 09-cv-13201

Hon. Stephen J. Murphy, III

**FINAL ORDER AND JUDGMENT**

WHEREAS, the Settling Parties executed a Stipulation of Settlement ("Stipulation")[1] on September 27, 2013, that provides for the payment of $11,000,000 and a complete dismissal with prejudice of the claims asserted in the above-referenced litigation against Comerica on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated October 9, 2013 (the "Preliminary Approval Order"), this Court (a) preliminarily certified, for settlement purposes only, the Class; (b) preliminarily approved the Settlement; (c) ordered that Notice of the proposed Settlement be provided to the Class Members; (d) provided Class Members with the opportunity to exclude themselves from the proposed Settlement; (e) provided Class Members with the opportunity to object to the proposed Settlement; and (f) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing on December 19, 2013 ("Final Approval Hearing") to (a) determine whether the Settlement should be approved by the Court as fair, reasonable and adequate; (b) determine whether the Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against Comerica with prejudice and extinguishing and releasing all Settled Claims

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation.

(as defined therein) against all Comerica Releasees, Munder Releasees and Class Member Releasees ("Released Parties"); (c) determine whether the Class should be finally certified for settlement purposes pursuant to Fed.R.Civ.P. Rules 23(a) and (b)(3); (d) rule on Plaintiffs' Counsel's application for an award of attorneys' fees and the reimbursement of Litigation Expenses; and (e) rule on such other matters as the Court may deem appropriate.

The Court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court, for purposes of this Final Order and Judgment (the "Judgment") adopts all defined terms as set forth in the Stipulation, and incorporates them herein by reference as if fully set forth.

2. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Named Plaintiffs are typical of the claims of the Class they seek to

represent; (d) the Named Plaintiffs and Plaintiffs' Counsel have at all times fairly and adequately represented the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court has certified, for settlement purposes only, a Class that shall consist of all participants in Comerica's Securities Lending Program that, through one or more of the investment vehicles offered or managed by Comerica or its affiliates, incurred losses relating to investments in the Sigma Notes and that have not previously released Comerica from all liability related to such losses.

5. The Notice, the publication of the Notice on a dedicated website and the notice methodology implemented pursuant to the Stipulation and the Court's orders (a) constituted the best notice practicable under the circumstances to all Persons within the definition of the Class; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the

pendency of the Action, (ii) the effect of the Stipulation, including releases, (iii) their right to object to the proposed Settlement, (iv) their right to participate in the Settlement, (v) their right to exclude themselves from the Class, and (vi) their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

6. The Action and the Complaint and all claims included therein, as well as all Settled Claims are dismissed with prejudice. In addition, all third-party claims and counterclaims between Comerica and Munder are dismissed with prejudice.

7. Upon the Effective Date, Named Plaintiffs and each Class Member (other than those entities listed on Exhibit 1 who have timely and validly requested exclusion from the Class), on behalf of themselves and all of their Related Parties, individually and collectively, by operation of law and this Judgment (a) shall be deemed to have fully, finally and forever released, relinquished, waived, discharged and dismissed all Settled Claims (including Unknown Claims) as against each and all of the Comerica Releasees and the Munder Releasees; (b) shall be enjoined from asserting or prosecuting any Settled Claims; and (c) shall be

deemed to have agreed and covenanted not to sue any of the Comerica Releasees or Munder Releasees on the basis of any Settled Claims or to assist any third-party in commencing or maintaining any suit related to any Settled Claim.

8. Upon the Effective Date hereof, Comerica and Munder, on behalf of themselves and all of their respective Related Parties, individually and collectively, by operation of law and this Judgment, (a) shall be deemed to have fully, finally, and forever released, relinquished, waived, discharged and dismissed any and all Settled Claims against the Class Member Releasees; (b) shall be enjoined from asserting or prosecuting any Settled Claims; and (c) shall be deemed to have agreed and covenanted not to sue any of the Class Member Releasees on the basis of any Settled Claims or to assist any third-party in commencing or maintaining any suit related to any Settled Claim.

9. Nothing in this Judgment shall bar any action or claim by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. This Judgment and the Stipulation, including the facts and terms of the Stipulation, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

      (a)    shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Stipulation or the Comerica-Munder Agreement; and

      (b)    is not, and shall not be deemed, described, construed, offered or received as evidence of any presumption, concession, or admission by any Person of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was or could have been asserted in the Action or in any litigation; the amount of damages, if any, that would have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any Person.

11.    The Settling Parties may file the Stipulation and/or the Judgment in any other litigation that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

13.    The Court finds that the Settling Parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein, and that the Named Plaintiffs and Plaintiffs' Counsel

at all times acted in the best interests of the Class and had a good faith basis to bring, maintain and prosecute this Action as to Comerica in accordance with Federal Rule of Civil Procedure 11. The Court further finds that the Named Plaintiffs and Plaintiffs' Counsel adequately represented the Class Members in entering into and implementing the Settlement.

14. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses, including the reimbursement of Litigation Expenses to the Named Plaintiffs, in the Action; and (d) the Settling Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16. No Person shall have any claim or cause of action, however denominated, whatsoever against the Comerica Releasees or Munder Releasees, or their counsel, arising from or related to any distributions made, or not made, from

the Gross Settlement Fund, and any such claims or causes of action, however denominated, are fully and finally released and discharged.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Gross Settlement Fund, or any portion thereof, is returned to Comerica, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. The Court hereby GRANTS Plaintiffs' Counsel attorneys' fees of 30% of the amount of the Gross Settlement Fund after the deduction of reimbursed expenses, and expenses in an amount of $127,516.02 together with the interest earned thereon for the same time period and at the same rate as that earned on the Gross Settlement Fund until paid. Said fees shall be allocated by Plaintiffs' Counsel amongst counsel in a manner which, in Plaintiffs' Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action or reflects Plaintiffs' Counsel's agreement. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and

labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

20. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Counsel from the Gross Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

21. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

                                  S/Stephen J. Murphy, III
                                  Stephen J. Murphy, III
                                  United States District Judge

Dated: December 27, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 27, 2013, by electronic and/or ordinary mail.

                                  S/Carol Cohron
                                  Case Manager

# EXHIBIT 1

## List of Entities Excluded from the Class in

*The Board of Trustees of the City of Birmingham Employees' Retirement System, et al. v. Comerica Bank*, Case No. 09-cv-13201

The following entities, and only the following entities, properly excluded themselves from the Class by the 21st of November, 2013 deadline pursuant to the Court's Order dated October 9, 2013:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION ||
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |